UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re FORD MOTOR COMPANY
ERISA LITIGATION

Case No. 06-cv-11718

HONORABLE STEPHEN J. MURPHY, III

_____/

ORDER GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT, CERTIFICATION OF THE CLASS, AND FOR
ATTORNEYS' FEES AND COSTS AND CASE CONTRIBUTION AWARDS FOR
NAMED PLAINTIFFS (docket no. 285) AND DISMISSING ACTION WITH pREJUDICE

      This is a case brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Named Plaintiffs[1] filed a Consolidated Complaint for violations of the Employee Retirement Income Security Act ("ERISA") on April 30, 2007. A Fully Executed Stipulation and Agreement of Settlement ("Settlement Agreement"), was filed with the Court on August 27, 2010. Before the Court is Plaintiffs' Consolidated Motion for Final Approval of the Stipulation and Agreement of Settlement, Certification of the Class, and for Attorneys' Fees and Costs and Case Contribution Awards to the Named Plaintiffs.[2]

      On October 13, 2010, the Court entered its Order Preliminarily Approving

      ettlement, Preliminarily Certifying Settlement Class, Approving Notice Plan and

Setting

---

1. [1] The following individuals are named plaintiffs in this matter: David Cooper and Mark Ousachi ("Plaintiffs" or "Named Plaintiffs").

1. [2] All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

Date and Time for Fairness Hearing ("Preliminary Approval Order") (docket no. 269).

n January 13, 2011, the Court received declarations attesting to the mailing of the Notice and publication of the Publication Notice in accordance with the Preliminary Approval Order. On February 11, 2011, the Court received the Report of Reliance Trust Company as Independent Fiduciary, pursuant to U.S. Department of Labor Prohibited Transaction Exemption 2003-39, as amended, authorizing and approving the proposed settlement on behalf of the Ford Motor Company Savings and Stock Investment Plan for Salaried Employees and the Ford Motor Company Tax-Efficient Savings Plan for Hourly Employees (collectively, the "Plans").  A hearing was held on February 15, 2011 (the "Fairness Hearing") to: (i) determine whether to grant the Final Approval Motion and Certify the Class; and (ii) determine whether to grant the Attorneys' Fees and Costs and Case Contribution Awards.

**IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The Court has jurisdiction over the subject matter of this action, all members of the Class, and all Defendants pursuant to 29 U.S.C. § 1132(e).

2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Class has been given proper and adequate notice of the Settlement and the Fairness Hearing, such notice having been carried out in accordance with the Preliminary Approval Order.  The Notice, Publication Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

3. The Settlement was negotiated at arm's-length by experienced counsel who, based upon the extensive record in this case, were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions.  Lead Counsel and Defendants' Counsel are therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

4. The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Michigan, and any other applicable laws have been met as to the "Class" defined below, in that:

   a. The Class is cohesive and well defined;
   b. The members of the Class are ascertainable from records kept with respect to the Plan, and the members of the Class are so numerous that their joinder before the Court would be impracticable;
   c. Based on allegations in the Complaint, there are one or more questions of fact and/or law common to the Class;
   d. Based on allegations in the Complaint that the Defendants' alleged conduct affected members of the Class in a uniform manner, the claims of the Named Plaintiffs are typical of the claims of the Class;
   e. The Named Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Class; and (iii) Named Plaintiffs and the members of the Class are represented by qualified and reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;
   f. Based on allegations in the Complaint, the prosecution of separate actions by individual members of the Class would create a risk of (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests; and
   g. Based on allegations in the Complaint that the Defendants allegedly have acted or refused to act on grounds generally applicable to the

Class, final injunctive, declaratory, or other equitable relief is appropriate with respect to the Class as a whole.

5. Based on the findings set out in paragraph 4 above, the Court certifies the following class (the "Class") for settlement purposes under Fed. R. Civ. P. 23(b)(1) and (2):

(a) all current and former participants and beneficiaries of the Plans whose individual Plan account(s) included investments in Ford stock at any time during the Class Period and; (b) as to each Person within the scope of subsection (a) of this paragraph his, her or its beneficiaries, alternate payees (including spouses of deceased Persons who were participants of the Plans), Representatives and Successors-In-Interest, provided, however, that the Class shall not include any Defendant or any of their Immediate Family, beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), Representatives or Successors-In-Interest, except for spouses and Immediate Family members who themselves are or were participants in the Plans, who shall be considered members of the Class with respect to their own Plan accounts.

6. The proposed Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because the settlement consideration is fair, adequate, and reasonable to the Class and others whom it affects based upon consideration of the following factors: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) whether the settlement is consistent with the public interest.

7. The Settlement was intended by the parties thereto to be a contemporaneous exchange of value, and in fact constitutes such a contemporaneous exchange.

8. The Final Approval Motion (docket no. 285) is **GRANTED**, and the Settlement hereby is **APPROVED** as fair, reasonable, adequate to members of the Class, and in the public interest. The settling parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

9. The Court approves a case contribution award of $2,500.00 to each Named Plaintiff. These awards shall be paid by Ford Motor Company to Lead Counsel in accordance with the Settlement Agreement, and distributed in turn to each Named Plaintiff.

10. Lead Counsel are hereby awarded the sum of $1,475,000.00 in respect of their attorneys' fees and costs. This award shall be paid to Lead Counsel by Ford Motor Company in accordance with the Settlement Agreement. Lead Counsel shall allocate to Plaintiffs' Counsel, in such amounts as determined reasonable by Lead Counsel in their discretion, a proportion of the awarded fees to counsel who performed work at the direction of Lead Counsel or with respect to the Named Plaintiffs.

11. The Court retains jurisdiction over this action and the Parties, the Plans, and members of the Class for all matters relating to this action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to members of the Class.

12. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

13. Named Plaintiffs and all members of the Class, on behalf of themselves, and the Class, and their personal representatives, heirs, executors, administrators, trustees, successors, and assigns, with respect to each and every Settled Claim, fully, finally and forever release, relinquish and discharge, and are forever enjoined from prosecuting, any Settled Claim against any of the Released Parties. No Released Party shall seek any remedy for violation of the foregoing injunction by any Class Member other than a Named Plaintiff until at least thirty (30) days after having provided such Class Member with written notice of such injunction and demand to desist from any conduct in violation thereof.

14. The Defendants fully, finally, and forever release, relinquish, and discharge, and are forever enjoined from prosecuting, the Settled Defendants' Claims against Named Plaintiffs, all members of the Class, and their respective counsel, with such exceptions as are required pursuant to paragraphs 2.3 and 2.4 of the Settlement Agreement.

15. All counts asserted in the ERISA Action are **DISMISSED WITH PREJUDICE**, without further order of the Court, pursuant to the terms of the Settlement Agreement.

16. In the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Judgment shall be null and void and shall be vacated nunc pro tunc, and paragraph 7.4 of the Settlement Agreement shall govern the rights of the Parties thereto.

**SO ORDERED**.

    s/Stephen J. Murphy, III
    Stephen J. Murphy, III
    United States District Judge

Dated: February 15, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 15, 2011, by electronic and/or ordinary mail.

    s/Carol Cohron
    Case Manager